Moncure, P.
delivered the opinion of the court.
The appellant claims to be a bona, fide purchaser, for value and without notice, of the entire survey of 2,684 acres of land, of which the 150 acres claimed by the appellee, Joseph C. Brown, forms a part, and that, therefore, the said appellee has no right to have specific execution of the title bond for the said 150 acres, according to the claim asserted in the bill. There is no proof in the cause of any purchase made by the appellant, Samuel W. Higginbotham, of the equitable estate of John Cecil, in the said burvey of 2,684 acres, bought by him of the Warders, as claimed in the answer of said Higginbotham. The appellant, therefore, wholly failed to sustain his defence of bona fide purchase for value and without notice. He has, however, it seems, paid the balance of the purchase money due by John Cecil to the Warders for'the land, and obtained a conveyance of the legal title from them by their attorney in fact. He is, therefore, entitled to stand in their shoes, and to hold the entire survey, including the 150 acres of land, for his indemnity and reimbursement in regard to the balance of the purchase money paid by him as aforesaid. Subject to that right, *328 the appellee, Joseph C. Brown, has a valid claim against the said survey of land on the title bond for the said 150 acres, and is entitled to have specific execution of the said title bond, provided the said 150 acres of land can be ascertained and laid off according to the description and direction contained in the said bond and the endorsements thereon. The court below, by an interlocutory decree made on the 11th day of November ' 1869, decreed that the complainant is entitled to a decree for the 150 acres of land in the bill and title bond mentioned, and that the said Samuel W. Higginbotham .convey said 150 acres of land to complainant, according to said title bond, by metes and bounds, to be ascertained by survey to be made by S. L. Graham, who was thereby directed to make and report such survey to the court, and the cause was continued. At a subsequent term of the court, the said Graham not having been able to make the said survey, on motion of the complainant, it was ordered that Eufus Brittain be appointed surveyor .in the place of said Graham, and that he perform the duties required of said Graham and report to the court at the next term; and the cause was again continued. .Afterwards, and before any report was made by said Brittain under the said order, this appeal was applied for and allowed to the said interlocutory decree of the 11th of November 1869.
The court is of opinion that it was most proper that the case should be proceeded in farther in the court ■ below before an appeal was allowed therein. It can be better ascertained after the said survey is made and reported to the court, with any facts elicited • thereby or .evidence connected therewith, whether the said decree is .proper or not: and if not, what decree out to be made ■ in the case as it may then exist, which decree it will be ■ competent for the court then to make. The court is, .therefore, of opinion that the said appeal was prematurely *329 aud improvidently allowed, and it is decreed and ordered that the same be dismissed, and that the appellant pay to the said appellee, Brown, his costs by him about his -defence in this behalf expended. And' the cause is remanded to the court below for further proceedings to be had therein.
Appeal dismissed.